UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| PORTIA NOBLE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 5: 22-031-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| STATE FARM MUTUAL | ) | **MEMORANDUM OPINION** |
| AUTO INSURANCE COMPANY, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Laura Feltner Agency, LLC ("Feltner Agency") has filed a motion to dismiss all claims asserted against it in this matter. [Record No. 4] Rule 7.1(c) of the Joint Local Rules of Civil Practice states that, "[u]nless otherwise ordered by the Court, a party opposing a motion must file a response within 21 days of service of the motion." And "[f]ailure to timely respond to a motion may be grounds for granting the motion." L.R. Civ. P. 7.1(c). The defendant's motion was served through the Court's electronic filing system on February 11, 2022, and the plaintiffs have not responded. [*See* Record No. 4, p. 7.] Nevertheless, the Court has reviewed the substance of the motion and concludes that it should be granted.

I.

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") issued automobile insurance policy number 333-1246-E05-17E to Plaintiff Portia Noble ("Noble") on November 21, 2019. [Record No. 2-3, p. 2] Feltner Agency, an insurance agency affiliated with State Farm, served as Noble's insurance agent and helped her procure the insurance contract with State Farm. [*See id.* (listing Laura Feltner as the insurance agent).]

On November 16, 2020, Noble and Plaintiff Jonathan Trent ("Trent") were involved in a motor vehicle accident with Dan Deaton in Breathitt County, Kentucky. [Record No. 2-1, p. 2] Following the tender of Deaton's liability insurance policy limits, Noble and Trent submitted a claim for underinsured motorist ("UIM") benefits under Noble's insurance policy with State Farm. [*Id.*, p. 2–3] When State Farm refused to pay as requested, Noble and Trent filed this action in Breathitt Circuit Court against both State Farm and Feltner Agency. [*See generally*, *id.*] Noble and Trent bring claims for breach of contract as well as bad faith under both the Kentucky Unfair Claims Settlement Practices Act ("KUCSPA") and the Kentucky Consumer Protection Act ("KCPA"). [*Id.*, p. 2–6] Feltner Agency filed the present motion following removal of the action to this Court.

## II.

Rule 12 of the Federal Rules of Civil Procedure allows a party to move the court to dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible upon its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court construes allegations in a complaint in the plaintiff's favor and accepts all well-pleaded allegations as true. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Evans-Marshall v. Bd. of Educ.*, 428 F.3d 223, 228 (6th Cir. 2005)). However, it need not accept as true legal conclusions or unwarranted factual inferences. *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)). The Court will dismiss a complaint if the factual allegations are insufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### III.

A.  **Breach of Contract Claim**

Feltner Agency argues that Noble's claim for breach of contract should be dismissed because it is not a party to the insurance contract. [Record No. 4-1, p. 2-4] To establish a claim for breach of contract, a plaintiff must demonstrate: (1) existence of a contract; (2) breach of that contract; and (3) damages resulting from the breach. *See Barnett v. Mercy Health Partner-Lourdes, Inc.*, 233 S.W.3d 723, 727 (Ky. App. 2007). Contractual duties are only owed to those with whom the contract is made. *Presnell Constr. Managers v. EH Constr., LLC*, 134 S.W.3d 575, 579 (Ky. 2004) (citing 17A AM. JUR. 2D, *Contracts* § 425 (1991)). With limited exceptions not relevant here, a contract can neither be enforced *by* a person who is not a party to it, nor *against* a person who is not a party to it. *Id.*

Here, Feltner Agency is not a party to the insurance contract between the plaintiffs and State Farm.[1] [*See* Record No. 2-3.] The policy's declarations expressly state that the "policy is issued by State Farm Mutual Automobile Insurance Company." [*Id.*, p. 3] Feltner Agency is merely the agent. [*Id.*, p. 2] And because Feltner Agency is not a party to the contract, the plaintiffs have no right to recover damages from it for breach. *See Presnell Constr. Managers*, 134 S.W.3d at 579; *see also Daugherty v. Am. Express Co.*, 485 F. App'x 746, 748 (6th Cir. 2012) (unpublished) (declining to hold an insurance plan solicitor liable for breach of an insurance contract because the policy did not list them as the insurer); *Griffin v. Middlefork Ins. Agency*, No. 17-215-DLB, 2017 U.S. Dist. LEXIS 164274, at *4–6 (E.D. Ky. Oct. 4, 2017)

---

[1] Although the insurance contract is not attached as an exhibit to the Complaint, the Court may consider the document without converting Feltner Agency's motion to one for summary judgment because the contract is referenced in the Complaint and is central to plaintiffs' claims. *Greenberg v. Life Ins. Co.*, 177 F.3d 507, 514 (6th Cir. 1999).

(holding that the plaintiff failed to state a colorable breach-of-contract claim against the insurance agency defendant because it was not a party to the contract); *Chi. Motors, LLC v. Apex Ins. Agency Int'l, Inc.*, No. 3:13-CV-00356-CRS, 2014 U.S. Dist. LEXIS 25441, at *6–10 (W.D. Ky. Feb. 26, 2014) (same).

### B.     Bad Faith Claim

Feltner Agency also argues that Noble and Trent's bad faith claims under the KUCSPA and the KCPA should be dismissed because it had no contractual obligation to pay Noble and Trent's claim for UIM benefits. [Record No. 4-1, p. 4–7] To establish a bad faith claim, a plaintiff must prove: (1) the insurer is obligated to pay the claim under the terms of the policy; (2) the insurer lacks a reasonable basis in law or fact for denying the claim; and (3) the insurer knows there is no reasonable basis to deny the claim or acts with reckless disregard regarding whether such a basis exists. *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993).

Absent a contractual obligation to pay a claim, "there is simply no bad faith cause of action, either at common law or by statute." *Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000). Similarly, without privity of contract there can be no claim under the KCPA. *See, e.g.*, *Williams v. Chase Bank USA, N.A.*, 390 S.W.3d 824, 829 (Ky. Ct. App. 2012) (holding that plaintiff could not maintain an action under the KCPA because there was no privity of contract between the parties). As discussed, Feltner Agency is not a party to the insurance contract, meaning there is neither privity of contract nor any obligation to pay on plaintiff's claims. [*See* Record No. 2-3.] As a result, Noble and Trent's bad faith claims against Feltner Agency are without basis. *Wittmer*, 864 S.W.2d at 890; *Davidson*, 25 S.W.3d at 100; *see also Western Leasing, Inc. v. Accordia of Ky., Inc.*, No. 2008-CA-002237-MR, 2010 Ky. App. LEXIS 81, at *26-27 (Ky. Ct. App. May 7, 2010) (ruling that insurance agents

are not subject to liability under the KUCSPA because they do not enter into contracts of insurance); *Daugherty*, 485 F. App'x at 748–49 (upholding dismissal of bad faith claims against insurance agents because they were not parties to the insurance contract); *Helton v. Am. Gen. Life Ins.*, 946 F. Supp.2d 695, 701–02 (W.D. Ky. 2013) (holding KCPA claim fails as a matter of law because agent was not a party to the insurance contract).

## IV.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** that the Feltner Agency's motion to dismiss [Record No. 4] is **GRANTED**. All claims asserted in this action against Feltner Agency are **DISMISSED**, with prejudice, and Feltner Agency is **DISMISSED** as a party to this action.

Dated: March 11, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky